## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1778 | **DATE** | 1/9/2001 |
| **CASE TITLE** | Bermeo v. Polish With Panache Mareva's et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 2/8/2001 at 9:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** We grant Defendants' Motion (Doc 19-1) to Vacate Default Judgment. We deny without prejudice Plaintiffs' Motion (Docs 17-1 & 17-2) to Set Judgment Amount And For An Award Of Attorney Fees And Costs and give Plaintiffs leave to refile should Defendants engage in any further dilatory practices before this Court. In addition, we order defense counsel Michael J. Fiandaca to pay Plaintiffs' attorneys $1,000 for the efforts expended due to Fiandaca's dilatory conduct.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JAN 10 2001 date docketed | |
| ✓ | Docketing to mail notices. | | | 20 |
| | Mail AO 450 form. | | CM docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SCT courtroom deputy's initials | | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARLOS BERMEO and MANUEL CAGUANA, ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) | 00 C 1778 |
| POLISH WITH PANACHE MAREVA'S, INC., IRENE IDZIK and STANLEY IDZIK, ) ) ) ) ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

Before the Court are Plaintiffs' Motion To Set Judgment Amount And For An Award Of Attorney Fees And Costs and Defendants' Motion To Vacate Default Judgment. For the following reasons we deny Plaintiffs' Motion and grant Defendant's Motion.

Plaintiffs initiated this lawsuit on March 23, 2000. Their Complaint alleges that Defendants failed to pay minimum and overtime wages in accordance with the Fair Labor Standards Act and the Illinois Minimum Wage Law. On May 31, Plaintiffs moved for a default judgment against Defendants. We granted that motion on June 8.

On June 21, Plaintiffs moved to set the judgment amount and for an award of attorney fees and costs. On June 29, defense counsel Michael J. Fiandaca made his first appearance on behalf of Defendants. On that day this Court denied Plaintiffs' motion to set the judgment amount and for an award of attorney fees and costs, and we permitted Defendants to file a motion to vacate the default judgment entered against them by July 13, 2000. Defendants filed that motion on July 14, 2000. We granted their motion on August 10, 2000, and set a schedule for discovery.

Soon thereafter, defense counsel Fiandaca disappeared from the radar screen. He claims to have filed an Answer to Plaintiffs' Complaint on August 10, 2000, but the docket shows no record of an Answer. Plaintiffs' counsel contacted Fiandaca on or about October 24, 2000, and inquired about the Answer. At that point, Fiandaca realized that "notwithstanding having prepared an Answer, he inadvertently failed to file same with the Clerk of the District Court." (Def. Memo. at 1.) After making this discovery, Fiandaca assured Plaintiffs' counsel that he would file the Answer. (Id.) To date, however, no Answer has been filed.

Plaintiffs filed a renewed motion for default judgment on November 9, 2000, and we granted that motion on November 16. On the 21st, Plaintiffs moved to set judgment and for an award of attorney fees and costs. Plaintiff Bermeo claims that Defendants owe him $2,800 in unpaid wages for his work between September 1997

and April 1998. He requests another $2,800 in liquidated damages for a grand total of $5,600. Plaintiff Caguana asserts that Defendants paid him only $4.70 per hour when the federally mandated minimum wage is $5.15 per hour. He also purports to have received no wages between April 15, 1997, and May 15, 1997. He too seeks to have his damages doubled as liquidated damages for a grand total of $2,708.10. In addition, Plaintiffs' attorneys ask us to award them attorneys' fees in the amount of $23,310.00 and reimbursement for related costs in the amount of $557.47.

Fiandaca appeared at the status hearing on November 30, 2000, and we gave him until December 7 to file a motion to challenge the prior proceedings and to answer Plaintiffs' motion to set the judgment amount and for an award of attorney fees and costs. On December 7, four days after our deadline, Defendants filed the instant motion to vacate the default judgment. Defendants claim to have received no notice of the renewed motion for default judgment. In addition, they assert that they paid Bermeo for all hours which he worked.

Public policy favors the resolution of disputes on the merits. See, e.g., Passarella v. Hilton Int'l Co., 810 F.2d 674, 675 (7th Cir. 1987). At the same time, courts have a duty to protect the interests of all litigants by promoting and enforcing efficient litigation. See North Cent. Ill. Laborers' Dist. Council v. S.J. Groves & Sons Co., 842 F.2d 164, 167 (7th Cir. 1988). In order to strike a balance between these two

considerations, the Federal Rules of Civil Procedure permit courts to set aside entries of default and judgment by default for "good cause shown." Fed. R. Civ. P. 55(c). The relevant case law establishes that in order to vacate an entry of default, the moving party must show (1) good cause for default, (2) quick action to correct it, and (3) a meritorious defense to the complaint. See Pretzel & Stouffer v. Imperial Adjusters, Inc., 28 F.3d 42, 45 (7th Cir. 1994).

In weighing whether to vacate an entry of default, we must remember that default judgment can be a drastic sanction. See Hal Commodity Cycles Mgmt. Co. v. Kirsh, 825 F.2d 1136, 1139 (7th Cir. 1987). In some instances it may be more appropriate to impose less severe sanctions and still alert irresponsible litigants to the seriousness of their neglect. See id.

In the instant matter, we reluctantly grant Defendants' Motion. Defendants have managed to etch out the required showing. Their "good cause" for default is the alleged lack of notification of Plaintiffs' renewed motion for default judgment. Their "quick action to correct" the default consists of their appearance in court on November 30 after learning from our Minute Order of the default. Last, their "meritorious defense" is Defendant Irene Izdik's affidavit statement that she compensated Plaintiff Bermeo for all hours he worked from September 1997 through April 1998.

That said, we do wish to register our disapproval at Defendants' demonstrated pattern of inattentiveness to the case at hand. They have caused this case to languish on our docket. Defense counsel has twice missed deadlines set by this court, once in July and more recently in December. Moreover, defense counsel already obtained one vacated default judgment from this court. In the aftermath of this decision, he should have exercised more diligence in defending the lawsuit. His inaction spurred a multiplicity of events that required Plaintiffs' attorneys to expend unnecessary time and costs. Plaintiffs' counsel are entitled to reasonable compensation for these efforts. Accordingly, we order Defense counsel Michael J. Fiandaca to pay Plaintiffs' attorneys $1,000 as a result of his dilatory practices. The $1,000 cost is to be borne by defense counsel personally and not by his clients. In addition, we wish to make clear that this Court will not tolerate any further dilatory practices by defense counsel.

In fashioning this relief, we have chosen to impose a sanction less severe than a default judgment while still alerting defense counsel to the seriousness of his conduct. See Hal Commodity Cycles, 825 F.2d at 1139. We believe our result is just because defense counsel's inattentiveness cannot be overlooked. At the same time, this wage dispute ought to be resolved on the merits, not through a default judgment and award of fees and costs. This is particularly true given the substantial sum of attorneys' fees that have been requested as well as the demand for liquidated damages.

Once Defendants comply with their obligations, we expect that this factual dispute can be resolved with relative ease.

For the foregoing reasons, we grant Defendants' Motion To Vacate Default Judgment. We deny without prejudice Plaintiffs' Motion To Set Judgment Amount And For An Award Of Attorney Fees And Costs and give Plaintiffs leave to refile should Defendants engage in any further dilatory practices before this Court. In addition, we order defense counsel Michael J. Fiandaca to pay Plaintiffs' attorneys $1,000 for the efforts expended due to Fiandaca's dilatory conduct.

*Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated: January 9, 2001